UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL MARTINEZ, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>JLM DECORATING, INC., and JLM DECORATING NYC INC., and COSMOPOLITAN INTERIOR NY CORPORATION, and MOSHE GOLD, individually, and JOSAFATH ARIAS, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.:<br><br>Jury Trial Demanded |

Plaintiff, ISRAEL MARTINEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against JLM DECORATING, INC. ("JLM Decorating"), and JLM DECORATING NYC INC. ("JLM NYC"), and COSMOPOLITAN INTERIOR NY CORPORATION ("Cosmopolitan"), and MOSHE GOLD, individually, and JOSAFATH ARIAS, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1.     This is a civil action for damages and equitable relief based upon Defendants' violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor

1

Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide to their employees on each payday wage statements containing specific categories of accurate information, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish their employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. As described below, Plaintiff worked for Defendants - - three corporations that operate as a single enterprise that runs a New York City-based painting and renovation business for commercial clients, its Chief Executive Officer, and its day-to-day overseer - - as a painter, primarily in Manhattan and always in New York, from on or around April 22, 2018 through November 21, 2018. Throughout his employment, with limited exceptions as explained below, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout his employment, Defendants routinely required Plaintiff to work beyond forty hours per week, paid Plaintiff on an hourly basis for only forty hours of work per week, and thus failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half his regular rate of pay for any hours that Plaintiff worked per week in excess of forty.

3. Furthermore, also in violation of the NYLL, again with limited exceptions detailed below, Defendants failed to provide Plaintiff with accurate wage statements on each payday. Nor did Defendants provide Plaintiff with any wage notice at the time of his hire, let alone an accurate one.

4. Defendants paid and treated all of their non-managerial employees who worked on their job sites in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his claims under New York law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

7. On February 13, 2019, Plaintiff, on behalf of himself individually and on behalf of all others alleged herein to be similarly-situated, on the one hand, and Defendants, on the other hand, executed a written agreement that operated to toll the statute of limitations for all of Plaintiff's, FLSA Plaintiffs', and Rule 23 Plaintiffs' claims alleged herein from December 21, 2018 through April 30, 2019. Additionally, New York State Governor Andrew Cuomo issued executive orders tolling the statute of limitations on all state law claims from March 20, 2020 through at least May 7, 2020. These times are thus excluded from all relevant periods to this case.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant JLM Decorating was and is a New York corporation with its principal place of business located at 26 Heyward Street, Brooklyn, New York 11249.

12. At all relevant times herein, Defendant JLM NYC was and is a New York corporation with its principal place of business located at 199 Lee Avenue, #1016, Brooklyn, New York 11211.

13. At all relevant times herein, Defendant Cosmopolitan was and is a New York corporation with its principal place of business located at 315 West 39th Street, Suite 502, New York, New York 10018.

14. At all relevant times herein, Defendant Gold was and is the Chief Executive Officer and Defendant Arias was and is the day-to-day overseer of Defendants JLM Decorating, JLM NYC, and Cosmopolitan. In those roles, Defendants Gold and Arias were together responsible for overseeing all of the day-to-day operations of Defendants JLM Decorating, JLM NYC, and Cosmopolitan, including managing all of their employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, and the hiring and firing of employees, including

Plaintiff. In fact, Arias hired, fired, and directly supervised Plaintiff, and also set his schedule and job site assignments, while Gold set Plaintiff's rate of pay.

15. At all relevant times herein, Defendants JLM Decorating, JLM NYC, and Cosmopolitan operated as a single enterprise in that: Defendant Gold owned and Defendants Gold and Arias jointly ran and oversaw the entities; the entities, at Gold's express direction, interchangeably shared offices, employees and equipment such as tools, machines, and ladders to carry out the needs of the business; and the entities are commonly owned and controlled financially.

16. At all relevant times herein, all Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally during those times, the qualifying annual business of Defendant JLM Decorating, JLM NYC, and Cosmopolitan exceeded and exceeds $500,000.00, and they were and are engaged in interstate commerce within the meaning of the FLSA as they employ and employed two or more employees, bought supplies, materials and equipment such as ladders, scaffolds and paintbrushes from vendors located in states other than New York, and used ladders, scaffolds, and paintbrushes bought out-of-state at their job sites such as 572 11th Avenue, 118 Fulton Street, and Pier 17, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the
> applicable FLSA limitations period, worked at Defendants' job sites

5

and who consent to file a claim to recover unpaid overtime and liquidated damages that are legally due to them ("FLSA Plaintiffs").

18. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per week in excess of forty.

19. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and choose not to do so.

20. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked in a week above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

21. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

22. Under FRCP 23(b)(3), Plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

23. Plaintiff seeks certification of the following FRCP 23 class:

Current and former non-managerial employees, who during the applicable NYLL limitations period, worked at Defendants' job sites in New York ("Rule 23 Plaintiffs").

Numerosity

24. At all times during the applicable NYLL limitations period Defendants have, in total, employed at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

25. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) whether the Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether the Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether the Defendants furnished and furnish the Rule 23 Plaintiffs with wage statements on each payday accurately containing the information required by NYLL § 195(3); (5) whether the Defendants furnished or furnish the Rule 23 Plaintiffs with a wage notice at hire accurately containing the information required by NYLL § 195(1); (6) whether the Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether the

Defendants maintain any affirmative defenses to the Rule 23 Plaintiffs' claims; (9) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

26. As described in the "Background Facts" section below, the Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees who worked at their job sites in New York. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for any of the Defendants in New York in excess of forty hours in a week, yet the Defendants did not pay them at the rate of time and one-half their respective regular rates of pay for all hours worked in a week over forty, while also failing to provide them with accurate wage statements on each payday or any wage notices at hire. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at the rate of one and one-half times their regular rates of pay for all hours worked per week in excess of forty, and to be furnished with accurate wage statements on each payday and wage notices at hire. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

<u>Adequacy</u>

27. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. With limited exceptions, Defendants did

not pay Plaintiff at the rate of time and one-half his regular rate of pay throughout his employment, and did not furnish Plaintiff with accurate wage statements on each payday or a wage notice at hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has no fear of retribution for his testimony. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

28. Additionally, Plaintiff's counsel has substantial experience in this field of law.

### Superiority

29. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

30. Any lawsuit brought by a non-managerial employee of Defendants who performed work at Defendants' job sites for the same violations alleged herein would be identical to a suit brought by any other similarly-situated employee for the same violations. Thus, separate litigation would risk inconsistent results.

31. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

32. Defendants JLM Decorating, JLM NYC, and Cosmopolitan are separate New York corporations, but which as described above, jointly, under the same management and control, provide painting services, wall covering, and renovation work to commercial customers in New York City.

33. Defendants Gold and Arias, as detailed above, together run the business on a daily basis.

34. On or around April 22, 2018, Defendant Arias, on behalf of Defendants, hired Plaintiff to work for Defendants as a painter. Plaintiff worked for Defendants continuously in this role until November 21, 2018.

35. As a painter, as its name suggests, Plaintiff's main duties consisted of painting and plastering on the interior and exterior of commercial buildings. Plaintiff performed these tasks for Defendants at multiple job site locations throughout Manhattan, as well as occasionally in Yonkers, New York.

36. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did generally work, five or six days per week, Monday, Tuesday, Thursday, and Friday from 7:00 a.m. to between 6:30 p.m. and 7:30 p.m., and sometimes later, Wednesday from 7:00 a.m. to 3:30 p.m., and sometimes later until 6:30 p.m., and Saturday twice per month from 7:00 a.m. until 6:30 p.m., with one half-hour uninterrupted break period each day, for a total of between fifty-two and seventy hours per week, and sometimes more.

37. Throughout his employment, as reflected on his paystubs, Defendants paid Plaintiff on an hourly basis, at the rate of $20.00 per hour, for all hours worked up to forty per week, and with limited exceptions, did not pay Plaintiff at any rate of pay, let alone at the rate of time and one-half his regular rate of pay, for any hours that Plaintiff worked in excess of forty in a week.

38. As reflected on his paystubs, for the weeks of June 3, 2018 and June 10, 2018, Defendants paid Plaintiff $20.00 per hour for forty hours of work, and $16.00 per hour for the twelve hours that he worked over forty in each of those weeks.

39. As reflected on his paystubs, for the weeks of July 1, 2018, and July 22, 2018, Defendants paid Plaintiff at the rate of one and one-half times his regular rate, which was $30.00, for all hours worked those weeks in excess of forty.

40. Thus, throughout his employment, except as just detailed, Defendants failed to compensate Plaintiff at any rate of pay, or at the rate of one and one-half times his regular rate of pay, for the hours that Plaintiff worked in a week in excess of forty.

41. By way of example only, during the week of June 24 through June 30, 2018, Defendants required Plaintiff to work, and Plaintiff did in fact work, six days, Monday through Saturday from 7:00 a.m. to 6:30 p.m., with one half-hour uninterrupted break each day, for a total of sixty-six hours of work. Defendants paid Plaintiff $20.00 for forty hours of work this week and nothing for the twenty-six hours that Plaintiff worked this week in excess of forty.

42. Defendants paid Plaintiff on a weekly basis by check, but for the weeks of June 3, 2018 and June 10, 2018, paid Plaintiff in cash for all hours worked over forty for those weeks.

43. Except for the two weeks described above for which Defendants paid Plaintiff properly, on each occasion when Defendants paid Plaintiff they failed to provide Plaintiff with wage statements that accurately listed Plaintiff's total hours worked for the week or his overtime rate of pay for the hours that Plaintiff worked over forty for that week.

44. Additionally, Defendants failed to provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately contained, *inter alia*, Plaintiff's straight and overtime rates of pay and the basis thereof (e.g. hourly, daily, per shift) and the name and telephone number of the employer.

45. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

46. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

47. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

48. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

51. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

52. Defendants willfully violated the FLSA.

53. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCRR*

55. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

58. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

59. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

60. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFNEDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

61. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

64. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with wage statements that accurately contained the criteria that the NYLL requires.

65. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

66. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

69. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

70. As also described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice at hire, let alone a wage notice that accurately contained all of the criteria that the NYLL requires.

71. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

72. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

73. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.  Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

j.  Pre-judgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: April 10, 2020
      Garden City, New York

      Respectfully submitted,

      BORRELLI & ASSOCIATES, P.L.L.C.
      *Attorneys for Plaintiff*
      910 Franklin Avenue, Suite 200
      Garden City, New York 11530
      Tel. (516) 248-5550
      Fax. (516) 248-6027

By: _____
      KENNETH F. ST. JOHN, ESQ. (KS 3542)
      ALEXANDER T. COLEMAN, ESQ. (AC 1717)
      MICHAEL J. BORRELLI, ESQ. (MB 8533)