USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/17/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Israel Martinez,

                    Plaintiff,

            —v—

JLM Decorating Inc., *et al.*,

                    Defendants.

20-cv-2969 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Israel Martinez brings claims on behalf of himself and others similarly situated against Defendants for failure to pay overtime wages in violation of state and federal labor laws. Plaintiff filed a motion for conditional certification of a collective action under the FLSA and submitted a proposed notice to be disseminated to potential members of the collective. Defendants oppose the motion and challenge various aspects of the proposed notice. For the reasons that follow, the Court GRANTS Plaintiff's motion to conditionally certify the collective and resolves the parties' disputes with respect to the notice.

## I.    BACKGROUND

Plaintiff Israel Martinez filed a complaint against Defendants on April 10, 2020 for violations of the Fair Labor Standards Act and the New York Labor Law. Dkt. No. 1. Shortly thereafter, Plaintiffs Carlos Benites and Rafael Brito opted into the action. In the complaint, Plaintiffs allege that they worked for Defendants, who jointly run a commercial painting business in New York City, and that they were not compensated for overtime hours worked. *Id.* Plaintiffs filed a motion for certification of a collective action under the FLSA and submitted declarations

1

from each Plaintiff.  Defendants oppose conditional certification.  Dkt. No. 24.  That motion is

now fully briefed.  Dkt. Nos. 34, 37.

## II.   DISCUSSION

Plaintiffs move to conditionally certify a collective action under the FLSA.  Additionally,

Plaintiff requests that the statute of limitations for the FLSA claims be tolled during the

pendency of the motion, and Defendants make various objections to Plaintiffs' proposed notice

to potential members of the collective.  For the reasons that follow, the Court conditionally

certifies the collective but will not equitably toll the limitations period.  Further, the Court

addresses a number of Defendants' objections to the proposed notice and orders the parties to

jointly submit a new proposed notice in accordance with its instructions.

### A.  Conditional Certification

The FLSA authorizes workers to sue on behalf of both themselves and "other employees

similarly situated." 29 U.S.C. § 216(b).  Plaintiffs are "similarly situated" and therefore "may

proceed in a collective, to the extent they share a similar issue of law or fact material to the

disposition of their FLSA claims." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d

Cir. 2020).  The Second Circuit has made clear that any "dissimilarities in other respects should

not defeat collective treatment[,]" because so long as there are some material issues of law and

fact shared by the plaintiffs then collective treatment on those issues will facilitate "the collective

litigation of the party plaintiffs' claims." *Id.*

In deciding whether to certify a FLSA collective, courts in the Second Circuit apply a

two-step method. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).  "The first step

involves the court making an initial determination to send notice to potential opt-in plaintiffs

who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation

has occurred." *Id.* at 555.  At the second step, "the district court will, on a fuller record,

determine whether a so-called 'collective action' may go forward by determining whether the

plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Id.*

At the first step, a plaintiff's burden is low. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d

357, 368 (S.D.N.Y. 2007).  While plaintiffs cannot demonstrate that they are similarly situated

with "unsupported assertions," they need only "make a 'modest factual showing' that they and

potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the

law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261

(S.D.N.Y. 1997).  This modest factual showing can be made with evidence adduced through the

plaintiff's "pleadings, affidavits, and declarations, including any hearsay statements contained

therein." *Morris v. Lettire Constr. Corp.*, 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012) (citation

omitted).  Indeed, "courts in this circuit have routinely granted conditional collective certification

based solely on the personal observations of one plaintiff's affidavit." *Hernandez v. Bare Burger

Dio Inc.*, No. 12-cv-7794 (RWS), 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) (collecting

cases).

      Plaintiffs have met the low burden required for conditional certification.  The complaint

alleges that Defendants regularly and systematically failed to pay overtime hours to their non-

managerial employees, i.e., the painters for Defendants' business. Dkt. No. 1.  Named Plaintiff

Martinez and opt-in Plaintiffs Brito and Benites submitted declarations in support of their motion

attesting to the amount of hours they worked without overtime pay and that they were aware of a

number of other similar employees at the company who had the same experience. Dkt. Nos. 27-

29.  They specifically identify certain co-workers that they worked with and explain that they

observed those individuals working similar hours to Plaintiffs and recalled conversations that

they had with them regarding the lack of overtime pay. *Id.* This evidence constitutes the "modest factual showing" required to demonstrate that Plaintiffs and other non-managerial workers at Defendants' business performed similar job duties and were not paid overtime pursuant to a common policy or scheme. *See Myers*, 624 F.3d at 554.

Defendants' primary argument against conditional certification is that the evidence Plaintiffs submitted shows that there are differences in the Plaintiffs' alleged working conditions, including that they worked at different locations, were paid in different forms (e.g., cash as opposed to check), and worked differing amounts of hours. In other words, Defendants argue that because there are factual differences between the Plaintiffs, they are not "similarly situated." This argument is plainly foreclosed by the Second Circuit's decision in *Scott*, which made clear that so long as there are shared issues of law or fact that are material to Plaintiffs' claims, then dissimilarities in other respects should not prevent certification. *Scott*, 954 F.3d at 516. Plaintiffs have properly alleged that they are similar in ways that are material to resolving their FLSA claims, such as that their main job duty was painting and that they were not paid for overtime hours worked. Conditional certification is therefore appropriate.

### B. Equitable Tolling

Plaintiffs argue that the Court should toll the statute of limitations period from the date of the filing of their motion to the date of this Opinion. "[T]he statute of limitations for a claim under the FLSA . . . [may] be tolled in certain circumstances." *Djurdjevich v. Flat Rater Movers*, Ltd., No. 17-CV-261 (AJN), 2018 WL 5919519, at *3 (S.D.N.Y. Nov. 13, 2018). While Plaintiffs cite case law supporting that FLSA claims can be tolled during the pendency of a conditional certification motion generally if there is substantial delay, *see* Dkt. No. 25 at 22,

Plaintiffs do not explain how there has been substantial delay in this case and do not provide any other basis for equitable tolling. The Court therefore will not toll the statute of limitations.

### C. The Notice

Because the Court grants conditional certification, the Court will authorize Plaintiffs to send notices to potential collective action members. *See Braunstein v. E. Photographic Laboratories, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). "Upon authorizing the distribution of notice to potential opt-in plaintiffs, the district court maintains 'broad discretion' over the form and content of the notice." *Johnson v. Carlo Lizza & Sons Paving, Inc*., 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016) (citation omitted). Plaintiffs attached a proposed notice to their motion. Dkt. No. 26. Defendants make several objections with respect to the notice. The Court orders the parties to jointly submit a new proposed notice that comports with the Court's rulings below.

### 1. Notice Period

Plaintiffs request that the notice period be six years whereas Defendants argue it should be three. Ordinarily, in FLSA cases courts permit notice periods of three years. *See Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859(PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct. 23, 2008) (collecting cases). In cases where the plaintiffs also bring claims under the NYLL, some courts have permitted a six-year notice period. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 563 (S.D.N.Y.2013) (collecting cases). At least in cases where, like here, the plaintiffs have not even moved for certification of a class for the NYLL claims, the Court agrees it would "be confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 484 (S.D.N.Y. 2016). Potential plaintiffs whose FLSA claims are time-barred could be misled by receiving the notice, and they will not be prejudiced with

respect to any potential NYLL claims because in the event that "a class is certified under New York law, class members will receive notice at that time through the class action notification process." *Garcia v. Spectrum of Creations Inc*., 102 F. Supp. 3d 541, 551 (S.D.N.Y.2015). Therefore, the notice period must be three years.  *Accord Emeterio v. A & P Rest. Corp.,* No. 20-CV-970 (JMF), 2021 WL 101186, at *2 (S.D.N.Y. Jan. 12, 2021); *Hernandez v. NHR Hum. Res., LLC*, No. 20CV3109 (PGG) (DF), 2021 WL 2535534, at *15 (S.D.N.Y. June 18, 2021).

Additionally, Plaintiffs argue that the notice period should be calculated from the filing of the complaint, whereas Defendants contend that it should be from the grant of Plaintiff's motion for condition certification.  "[C]ourts in this District have held that the three-year period is calculated from the date of the filing of the action."  *Slamna v. API Rest. Corp.*, No. 12 CIV. 757 RWS, 2013 WL 3340290, at *4 (S.D.N.Y. July 2, 2013).  Therefore, Plaintiffs are authorized to send notices to persons who were employed by Defendants up to three years prior to the filing of the complaint.  *Accord Emeterio*, 2021 WL 101186, at *2.

### 2. Dissemination

Defendants argue that they should not have to produce Plaintiffs' personal contact information outside of their mailing addresses until a large number of notices become undeliverable and that they should not be permitted to provide telephone numbers at all.  Courts in this district have routinely held "that discovery of contact information is appropriate at the notice stage in FLSA collective actions," *Hilaire v. Underwest Westside Operating Corp.,* No. 29CIV3169 (PAE) (RWL), 2020 WL 774133, at *8 (S.D.N.Y. Feb. 17, 2020) (citation omitted) and have found that "disseminating the Notice by mail, email, text message, and social media chat is appropriate." *Mei Rong Du v. Dingxiang Inc*., No. 19CV11924 (JPO) (BCM), 2020 WL 7404984, at *11 (S.D.N.Y. Dec. 17, 2020).  Defendants' requests are therefore denied.

6

### 3.   Content of notice

Defendants object to certain provisions in Plaintiffs' proposed notice and request the inclusion of certain language as well.   First, Defendants object to the inclusion of a reference to Plaintiffs' state law claims in the notice.   Courts in this district have determined that including references to "non-FLSA claims are apt to confuse potential plaintiffs about the nature of this action." *Johnson v. Carlo Lizza & Sons Paving, Inc.*, 160 F. Supp. 3d 605, 612 (S.D.N.Y. 2016). The Court agrees that, especially where Plaintiffs have not sought certification for the NYLL claims, they should not be included in the notice.   *Accord Zhongle Chen v. Kicho Corp.,* No. 18CV7413 (PMH) (LMS), 2020 WL 1900582, at *14 (S.D.N.Y. Apr. 17, 2020).

Second, Defendants argue that the opt-in period should be forty-five days instead of sixty.   Courts in this district ordinarily permit sixty days and Defendants provide no justification for why a shorter time-period would be appropriate in this case. *See Whitehorn v. Wolfgang's Steakhouse, Inc*., 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) (collecting cases).   The Notice can therefore state that the opt-in period is 60 days.

Third, Defendants argue that the Notice should include an explanation about the potential consequences of joining the action, namely warning potential plaintiffs might have to pay Defendants' costs if they do not prevail.   "Courts in this circuit have split on whether FLSA notices should include information about potential costs to members of the collective." *Kucher v. Domino's Pizza, Inc.,* No. 16-CV-2492 (AJN), 2017 WL 2987216, at *3 (S.D.N.Y. May 22, 2017) (collecting cases).   In the ordinary case, however, there is no more than a "remote possibility that such costs for absent class members would be other than de minimis" and therefore the language "may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree." *Guzman v.*

*VLM, Inc.*, No. 07-CV-1126 (JG) (RER), 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007).

Because Defendants have not asserted counterclaims and have not otherwise made a showing

that potential plaintiffs are likely to face substantial costs, this request is denied.

Fourth, Defendants argue that the notice should include the fact that Defendants believe a

collective action is not warranted. As Plaintiffs point out, the proposed notice already includes a

provision that state that Defendants deny all wrongdoing and maintain that they paid their

employees in accordance with the law. Dkt. No. 26-5 at 2. Defendants have not provided a basis

for why potential plaintiffs need to be specifically informed that they oppose certification. This

request is therefore denied.

Fifth, Defendants request that a reference to the anti-retaliation provision of the FLSA be

removed. "[S]uch an advisement is regularly included in notices of collective action." *Slamna*,

2013 WL 3340290, at *5. Without it, potential plaintiffs might be discouraged from joining.

This request is denied.

Sixth, Defendants request that their contact information be included. "Courts in this

Circuit have generally concluded that the contact information of defendants' counsel is

appropriate for inclusion in a notice of collective action." *Desir v. NYU Langone Health Sys.*,

No. 19CIV8144 (JPC) (SLC), 2020 WL 7631434, at *6 (S.D.N.Y. Oct. 19, 2020) (cleaned

up), *report and recommendation adopted*, No. 19-CV-8144 (JPC), 2020 WL 7630623 (S.D.N.Y.

Dec. 22, 2020) (collecting cases). Although Plaintiffs argue that the inclusion of defense

counsel's contact information could lead to confusion, the Court trusts that the parties can draft a

notice that makes sufficiently clear which counsel represents which party.

Seventh, Defendants request that the provision regarding plaintiffs right to retain a

different attorney be revised to remove the language stating that they can do so "at your own

expense."  Defendants argue this language is included to try and dissuade potential opt-ins from retaining different counsel and that it is misleading because most attorneys do not require individuals to pay out of pocket in FLSA cases.  Defendants provide no basis for their claim that "most" attorneys will allow contingency fees for FLSA cases, nor can they guarantee that any particular attorney that a potential plaintiff chooses would do so.  Nonetheless, the Court determines that "at your own expense" language is unnecessary and gives the misleading impression that Plaintiffs' counsel will provide representation at no expense whereas other counsel will not.  The Court therefore grants Defendants' request to have this phrase removed.

## III.  CONCLUSION

For the reasons described in this opinion, Plaintiffs' motion is GRANTED.  This resolves Dkt. No. 24.  The parties are ordered to jointly submit a new proposed notice consistent with the Court's rulings in this opinion by October 7, 2021.

The Court schedules an Initial Pretrial Conference for October 8, 2021 at 3:45 P.M.  The parties are to submit their joint letter and proposed case management seven days in advance of conference, in accordance with the instructions set out in the Court's Notice of Initial Pretrial Conference.  Dkt. No. 8.


SO ORDERED.

Dated: September 17, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge