THE LAW FIRM OF
ADAM C. WEISS, PLLC

3 SCHOOL STREET, STE. 303
GLEN COVE, NEW YORK 11542

45-18 COURT SQUARE, STE 400
LONG ISLAND CITY, NEW YORK 11101

TELEPHONE: (516) 277-2323
FACSIMILE: (516) 759-2556
adam@acweisslaw.com
www.acweisslaw.com

March 16, 2023

**VIA ECF**

Honorable Magistrate Judge Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    Martinez v. JLM Decorating, Inc. et al
              Docket No.: 1:20-cv-02969-RA-SN

Your Honor:

      This firm represents the Defendants in the above-referenced matter. I am writing in response and opposition to all arguments in Plaintiffs' March 13, 2023 letter to the Court. Plaintiffs' requests should be denied in their entirety because Defendants have complied with their obligations under the Court's February 24, 2023 Order, no sanctions are warranted, and the deadlines set forth in the Order should remain intact.

      As fully set forth below, Plaintiffs' application to this Court should be denied because: (1) Plaintiffs abused the Court's directives from the February 24, 2023 conference, (2) Defendants never waived objections to their responses to Plaintiffs' discovery requests, (3) Defendants conducted a diligent search for documents responsive to Plaintiffs' reasonable discovery requests, (4) many, if not most, of Plaintiffs' discovery requests were objectionable and not reasonably calculated to lead to discoverable evidence, (5) there is no valid basis for sanctions against Defendants, and (6) the Court already held that there would be no extension of Plaintiffs' deadlines to move to amend and/or for class certification under Rule 16.

      First, at the February 24, 2023 conference, the Court only permitted Plaintiffs limited discovery. The basis that the Court granted Plaintiffs' request is only due to the fact that Defendants produced their final two party witnesses on the last two days of discovery. Notably, the Court did not extend or re-open discovery, which has been closed since February 14, 2023.

THE LAW FIRM OF
ADAM C. WEISS, PLLC

Judge Netburn ltr
March 16, 2023
Page 2 of 4

See Docket Entry #82.[1]   At the February 24, 2023 conference, this Court placed mutual blame on the parties for the fact that this case has "gone off the rails" including Plaintiffs' failure to bring alleged discovery disputes to the Court's attentions on a timely basis (which Plaintiffs conceded that they had done).  Despite the clear Court directive that Plaintiffs were limited to only asking for supplemental discovery regarding issues raised at the final two depositions, along with any follow up items from the 30(b)(6) deposition of JLM Decorating NYC Inc.'s corporate representative on October 26, 2022, Plaintiffs propounded a Second Request for Production of Documents that consisted of **57** individual demands, many, if not most, had no relation to the depositions taken in this case and could have just as easily had been served at the outset of this case.  It is submitted that such a flagrant abuse of the Court's directives (and the rationale therefor) should not be countenanced by this Court and form the basis for Plaintiffs' motion, particularly due to the fact that this case has been pending for almost three years.

Second, Defendants assert that they never waived any reasonable objections to Plaintiffs' First or Second Request for the Production of Documents. I am attaching Defendants' Responses to Plaintiffs' First Request for Production of Documents where Defendants duly objected to many of the same or similar demands as set forth in Plaintiffs' Second Request for Production of Documents.  See Exhibit A attached hereto.  Those initial responses were served by Defendants on or about July 21, 2022 and Plaintiffs raised a challenge to Defendants' objections at that time or any time prior to the close of discovery.  In further abuse of the Court's directives at the February 24, 2023 conference, Plaintiffs' requests are mostly fishing expeditions to which Plaintiffs claim that Defendants are powerless to reasonably object.  In other words, no matter what discovery Plaintiffs now claim is outstanding did not give them *carte blanche* to obtain documents without Defendants being able to reasonably object based on standard discovery criteria.

Third, Defendants complied with the Court's directives by conducting a diligent and reasonable search for those documents via site visits to Defendants' office on March 2, 2023 and March 9, 2023 and reviewing computer, electronic and had file systems with counsel present.  It is Defendants' position that they were justified, based on the Court's directions, to limit their search to new information that arose out of the depositions in this case as well as Defendants' continuing obligation to supplement discovery requests served earlier in discovery and not succumb to Plaintiffs' abusive fishing expeditions and other requests that were duly objected to on the bases of vagueness, overbreadth and/or not reasonably calculated to lead to discoverable evidence.  After completing a reasonable search, Defendants found that responsive documents had either already been produced to Plaintiffs or no new documents were found.  This should not have been a surprise to Plaintiffs because they had been informed multiple times, including in Defendants' February 22, 2023 letter to this Court, that all responsive documents in Defendants' possession, custody or control had already been previously produced.  Even where Defendants reasonably objected to an individual discovery request, Defendants clearly indicated in their responses where notwithstanding objections to the request that a diligent search for documents

---

[1] Judge Abrams' December 13, 2022 Order stated plainly that "no further adjournments will be granted absent good cause." Id.

Case 1:20-cv-02969-RA-SN   Document 99   Filed 03/16/23   Page 3 of 4

THE LAW FIRM OF
ADAM C. WEISS, PLLC

Judge Netburn ltr
March 16, 2023
Page 3 of 4

was conducted and that either responsive documents had been previously turned over or were not in Defendants' possession, custody or control.

Fourth, Defendants assert that their objections were reasonable based on the individual requests to the extent that many of Plaintiffs' requests were not calculated to lead to discoverable evidence and were instead fishing expeditions. For example, the first five requests in Plaintiffs' Second Request for Production of Documents requests documents concerning Defendants' corporate structure, any sale or transfer of interest, and organizational charts, respectively. Setting aside the fact that these requests are certainly not based on "new" information gathered at depositions but rather could have been requested at the outset of discovery, Defendants were unable to produce any responsive documents because (as Plaintiffs already know) Moshe Gold is the sole owner of Defendants and has never sale or transferred his interest in any of those entries. The next four requests by Plaintiffs are not reasonably calculated to lead to discoverable evidence, but instead appear aimed at ascertaining Defendants' ability to ultimately pay a judgment in this case. Indeed, Plaintiffs request loan documentation, Defendants and other companies' tax returns for a 9-year period, and documentation concerning outstanding judgments, awards and other sums of money owed by Defendants. Defendants have already conceded they meet the $500,000 jurisdictional threshold under the FLSA so the tax returns are not discoverable and, in any event, courts routinely disfavor pre-judgment asset discovery.

As to those requests that arose out of the October 26, 2022, deposition of JLM Decorating NYC Inc.'s corporate representative, Defendants indeed conducted a diligent search for responsive documents. It should be noted that throughout Sam Gold's deposition, Mr. Gold repeatedly stated that he would have to "check" or "double-check" whether the company maintained or still maintained the documents in question. Other requests, such as demanding copies of all Defendants' contracts with clients bares little to no relation to the claims in this lawsuit. Even if some clients were charged for overtime work, that does not mean that the individual Plaintiffs herein worked the overtime in question, nor is overtime billed to the client on an individual person basis, nor is it even calculated the same as the FLSA. Indeed, clients may be billed for "overtime" when the client consents to workers staying on site after 3:30 PM, which may incur overtime charges for the client while not necessarily push the individual workers' hours for the week over 40 hours. In other words, these invoices and contracts relation to the individual Plaintiffs' overtime claims is fleeting, at best. Similarly, to the extent that a check would be issued to a foreman to issue cash payments to workers, it is my understanding that the checks bear little to no relation to whether any individual Plaintiffs worked overtime. The check would not be generated and/or allocated on a person-by-person basis, but rather would be used for various non-overtime purposes, including allowing employees to cash their payroll checks on the spot in order to save them the time, money and inconvenience associated with having to utilize a cash-checking establishment for these purposes. [2]

---

[2] Defendants' failure to turn over overtime records for the Plaintiffs actually works to Defendants' own detriment and favors Plaintiffs' claims under the Mt Clemens Pottery burden shifting framework.

THE LAW FIRM OF
ADAM C. WEISS, PLLC

Judge Netburn ltr
March 16, 2023
Page 4 of 4

Fifth, there is no legal basis for sanctions against Defendants. As set forth above, Defendants (1) conducted a diligent search for documents, (2) responded on a timely basis to Plaintiffs' Second Request for Production of Documents, (3) filed a letter as directed by the Court on a timely basis explaining the scope of Defendants' diligent search and (4) made reasonable objections to those requests that were in contravention to or flouted the Court's directives from the February 24, 2023 conference. Sanctions are only warranted in the most egregious circumstances, none of which is present here.

Sixth and finally, there is no reasonable basis for an extension of Plaintiffs' deadlines to move for class certification and/or to amend the complaint. The Court already held that no the deadlines would not be extended for any reason. It appears that Plaintiffs' application (if granted in whole or part) would only "derail" this case even further and likely substantially delay its resolution. Defendants would like nothing more than to resolve this case and put an end to this endless motion practice.

For all these reasons, Plaintiffs' entire application should be denied because Defendants have complied with their obligations under the Court's February 24, 2023 Order, no sanctions are warranted, and the remaining deadlines set forth in the Order should remain intact.

Respectfully submitted,

Adam C. Weiss

Encl.

cc:     Andrew C. Weiss, Esq.