UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

ISRAEL MARTINEZ, on behalf of himself, individually,
and on behalf of all others similarly-situated,


                Plaintiff,

   -against-                                          **Docket No.:**

                                                            **20-cv-02969-RA-SN**

JLM DECORATING, INC., and JLM DECORATING
NYC INC., and COSMOPOLITAN INTERIOR NY
CORPORATION, and MOSHE GOLD, individually,
and JOSAFATH ARIAS, individually,

                Defendants.

-----------------------------------------------------------------------------X

# DEFENDANTS' OBJECTIONS TO MAGISTRATE NETBURN'S
# REPORT AND RECOMMENDATION

 

Adam C. Weiss
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com

## PRELIMINARY STATEMENT

Defendants, JLM DECORATING, INC., and JLM DECORATING NYC INC., and COSMOPOLITAN INTERIOR NY CORPORATION, and MOSHE GOLD, individually, and JOSAFATH ARIAS, individually (collectively "Defendants"), respectfully file the following objections to Magistrate Sarah Netburn's Report and Recommendation dated January 2, 2024. At the heart of these objections lies a fundamental misapplication of the Rule 23 requirements, particularly in assessing numerosity and commonality criteria.

Plaintiffs Martinez, Benites, and Brito initiated this case against the Defendants on April 10, 2020, by filing their original complaint and their respective consent to join collective action notices (ECF 1). The complaint alleged violations of the overtime provisions of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL), alongside claims about wage statements and notice requirements under the NYLL. The Defendants responded with their answer on June 22, 2020 (ECF 17). Subsequently, on August 31, 2020, before any discovery, Plaintiffs Martinez, Benites, and Brito moved for conditional certification of an FLSA collective (ECF 24-26). This motion was granted by Judge Nathan on September 17, 2021 (ECF 39), leading to Harold Pena and Rodrigo Rojas opting into the case (ECF 61-62).

On January 2, 2024, the Magistrate Judge issued a Report and Recommendation advocating for the Court to GRANT the Plaintiffs' motion to certify an NYLL class. This proposed class includes current and former non-managerial employees who, from April 10, 2014, to the present, performed any manual work, such as painting and renovation, for the Defendants in New York on an hourly basis under Rule 23. The Magistrate Judge also recommended the appointment of Borrelli & Associates, P.L.L.C., as class counsel. However,

the Plaintiffs' request to disseminate their proposed notice was denied, with an order to submit a revised notice consistent with Rule 23(c)(2)(B).

Contrary to the Court's finding, the Defendants contend that the numerosity requirement has not been satisfactorily met. The court's reliance on a combined list of potential class members, totaling at least 52, overlooks critical nuances. Accepting the Plaintiffs' additional names implies their relevance and non-managerial status without substantiation. This inference raises significant concerns about the evidentiary standards applied. Additionally, the Court's contradictory stance on the Defendants' employee list — deeming it credible for establishing numerosity while simultaneously questioning its completeness — represents a concerning inconsistency that challenges the integrity of the numerosity finding.

Furthermore, the Defendants argue that the commonality requirement, as found by the Court, is not as clear-cut as presented. The Court's dismissal of the Defendants' reliance on *Velasquez* and the oversimplified comparison of individualized statutory analysis with the case at hand fails to recognize the complex interplay between payment methods, liability issues, and the calculation of damages. This complexity necessitates a more granular, individualized assessment akin to the challenges presented in *Velasquez*.

Finally, the Defendants highlight an overbreadth in the class definition. The Court's characterization of the class as 'manual workers' broadly encompasses a group beyond the specific category of painters employed by the company. This overgeneralization raises questions about the appropriateness of the class scope and the inclusion of individuals possibly unrelated to the core issues of the lawsuit.

These objections underscore the critical oversights and inconsistencies in the Court's analysis and application of Rule 23 criteria, warranting a reconsideration of the class certification recommendation.

## ARGUMENT

Magistrate Pollak's Report Should Be Modified and/or Set Aside

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). Parties may file objections within fourteen days of being served with a copy of the order. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.* The district judge must consider any timely objections "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Inconsistency and Contradiction in Numerosity Assessment

The Defendants respectfully challenge the Court's analysis regarding the numerosity requirement under Rule 23. A critical point of contention arises from the Court's own assertion: "The Defendants argue that the evidence establishing numerosity is too sparse... This case is

3

different because the Plaintiffs ask the Court to infer nothing from their affidavits." (ECF 142 p. 8). Despite this declaration, the Court's acceptance of the Plaintiffs' list of names implicitly constitutes an inference. By incorporating these additional names into the class size assessment, the Court effectively presumes, without direct evidence, that these individuals are non-managerial painters relevant to the class action. Despite the Court's assertion to the contrary, this implicit inference is a pivotal point of contention.

Furthermore, the Court's approach to the Defendants' list reveals a striking inconsistency. On the one hand, the Court finds the Defendants' list credible enough to use as a basis for establishing numerosity when combined with the plaintiffs' list. On the other hand, it critiques the list's completeness, particularly noting the omission of a plaintiff. This contradictory stance on the same list—crediting it for some purposes but discrediting it for others—represents a fundamental inconsistency in the Court's evaluation of evidence. Such a dual approach to assessing the same piece of evidence undermines the integrity of the numerosity analysis and calls into question the consistency of the Court's evidentiary standards.

The Defendants, therefore, argue that these nuances in the Court's assessment necessitate reevaluating the numerosity finding. The implicit inferences drawn from the Plaintiffs' list and the contradictory treatment of the Defendants' list warrant a closer examination to ensure that class certification is grounded in consistent evidentiary analysis.

Oversimplified Commonality Assessment

Defendants contest the Magistrate Judge's rejection of the relevance of *Velasquez v. Digital Page, Inc.*, 303 F.R.D. 435 (E.D.N.Y. 2014) to the present case. While the Magistrate Judge distinguished our case from *Velasquez* by emphasizing the differences in the nature of

individualized analyses required, this approach overlooks key complexities that align our case more closely with *Velasquez* than acknowledged.

In *Velasquez*, the necessity of individualized review for determining overtime eligibility underscores a critical point: the presence of distinct, individual factors that impact the core issue of liability. Similarly, in our case, the variability in payment methods among class members – differences in the mix of cash and check payments and the frequency of such payments – is not a trivial matter. These variances are integral to understanding the alleged wrongful acts and indicate a scenario where individualized assessment is crucial. The Magistrate Judge's oversimplified approach to these variations fails to capture their significance in determining the alleged underpayment and overtime miscalculations.

Moreover, while the Magistrate Judge relied on *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014) to support their findings, an essential aspect of *Schear* offers nuanced perspective. *Schear* notes that typicality is met when plaintiffs assert that defendants committed "the same wrongful acts in the same manner" against all class members. *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 124 (S.D.N.Y. 2014). This language from *Schear* highlights a key issue in our case: the evidence suggests that the alleged wrongful acts were not executed in the same manner across the class due to the distinct payment methods. This directly impacts the uniformity of the alleged policy of underpayment and overtime violations, thus challenging the commonality of the claims.

Therefore, the Defendants argue that the variability in payment methods, far from being inconsequential, is a fundamental aspect that demands individualized examination. This brings our case closer to the principles upheld in *Velasquez* and challenges the commonality of the claims under Rule 23(a)(2).

5

The Recommended Class Is Overbroad

The Defendants challenge the broad classification of the class as "manual workers" in this class action lawsuit, drawing upon principles from collective action case law. This case law, though under a different legal framework, offers insights relevant to our case. As recognized in collective action jurisprudence: "where a plaintiff fails to provide sufficient details that the proffered unlawful policy or practice also affected employees in different job functions or roles, courts will limit the collective to only those job functions for which the plaintiff bore his or her evidentiary burden." *Ramirez*, 2023 WL 4541129, at *8. Ramirez, 2023 WL 4541129, at *8. *See, e.g., Gomez*, 2017 WL 4326071, at *5("[A]lthough the Court finds that there are sufficient details to support Plaintiff's contention that delivery persons were subject to a common policy or plan, the assertions in the affidavit that go beyond delivery persons are insufficiently detailed to justify certification of a broader collective."); *Leonardo v. ASC, Inc.*, 2018 WL 5981996, at *3 (S.D.N.Y. Nov. 14, 2018) (denying conditional approval for "all non-managerial employees" because "[p]laintiff's affidavit offers no specific conversations, names, or other details to show that employees other than kitchen staff were part of a common policy") (emphasis in original); *Campos v. Lenmar Restaurant Inc.*, 2019 WL 6210814, at *4 (S.D.N.Y. Nov. 21, 2019) ("In contrast to bussers and servers, for whom Plaintiff can point to specific details from his own experience or from conversations with specifically named employees, Plaintiff is unable to provide any non-conclusory allegations about the conditions that other non-managerial employees experienced.")

Applying these principles to the current case, the Defendants argue for a more precise class definition. In the instances cited, even under the lesser "similarly situated" standard of collective actions, courts required detailed evidence specific to each job function to justify the scope of the

action. In our case, the class has been broadly defined as "manual workers," but the specific allegations and evidence focus solely on painters. Using a generalized term without corresponding detailed evidence for each job function within that category overextends the class beyond those directly impacted by the alleged violations.

Therefore, the Defendants urge the court to refine the class definition to include only painters, the category of employees for whom evidence of the alleged unlawful practices has been provided. This approach aligns with the higher standard of evidence and specificity required for class certification under Rule 23 and ensures the class accurately reflects the parties genuinely affected by the claims.

## CONCLUSION

For the reasons outlined above, the Defendants respectfully request that Your Honor set aside and modify the portions of the Magistrate's Report and Recommendation concerning the certification of the class. Specifically, the Defendants seek reconsideration of the class definition, the application of the numerosity and commonality requirements under Rule 23, and the reliance on certain precedents in evaluating the complexities inherent in this case.

Dated: January 16, 2024
       Glen Cove, New York

Respectfully submitted,

_____
Adam C. Weiss
3 School Street, Suite 303
Glen Cove, New York 11542
(516) 277-2323 (tel)
(516) 759-2556 (fax)
Email: adam@acweisslaw.com

7