USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISRAEL MARTINEZ, on behalf of himself
and all others similarly situated,

                                  Plaintiff,                  20-CV-2969 (RA)(SN)

                  -against-                         **REPORT AND RECOMMENDATION**

JLM DECORATING, INC., et al.,

                                 Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE RONNIE ABRAMS:**

        On April 10, 2020, Plaintiff filed a complaint individually and on behalf of all others similarly situated against Defendants. ECF No. 1. Plaintiff alleged that Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to adequately compensate non-managerial hourly employees who performed manual labor. Id. Defendants filed their answer, and Plaintiff filed a motion for conditional certification of a collective action under the FLSA. ECF Nos. 17, 24. On September 17, 2021, the Court granted the motion to conditionally certify the collective. ECF No. 39.

        On November 18, 2021, Defendants' first attorney, Joseph M. Labuda, moved to withdraw as counsel due to Defendants' failures to pay their legal fees and cooperate with counsel by providing the collective action employee list. ECF No. 57. The motion was granted, and the case was stayed for 30 days so Defendants could find new counsel. ECF No. 58. The corporate Defendants were expressly advised that "corporations must be represented by counsel," and that the failure to have an attorney appear may result in a default. Id. (citing cases).

Defendants' second attorney, Adam Weiss, appeared and the stay was lifted. ECF Nos. 63, 64. The parties unsuccessfully participated in a mediation through the Court-annexed Mediation Program. The parties also engaged in discovery and, after many months of Defendants' failure to produce discovery, Plaintiff filed a letter motion to compel, which was granted. ECF Nos. 106, 109. Eventually, Plaintiff moved for class certification with respect to the NYLL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure. ECF No. 135. On March 20, 2024, the Court granted the motion and certified a NYLL class consisting of "current and former non-managerial employees, who at any time from April 10, 2014, through the present, performed any manual work, including but not limited to, painting and renovation work, for Defendants, in New York, and who were paid on an hourly basis." ECF No. 147. Defendants then failed to file a revised class notice, which led Plaintiff to file a motion to compel production of the putative class member list. ECF No. 150. The Court granted the motion to compel, ordering Defendants to produce a computer-readable data file containing the names, last known mailing addresses, all known home and mobile telephone numbers, and all known email addresses for all putative class members. ECF No. 151. The parties were directed, on multiple subsequent occasions, to meet and confer regarding the dissemination of information related to the putative class member list.

Following Defendants' continued failures to comply with court orders, on July 18, 2024, the parties appeared for a conference, and the Court ordered Defendants to pay all reasonable attorneys' fees incurred by Plaintiffs since April 2024. ECF No. 158. Additionally, an IT consultant was ordered to review the records held by Defendants at Defendants' offices. Id. The purpose of the IT consultant was to search for any documents or records related to the

identification of class members. Id. The deadlines for this search were extended and the case was stayed pending private mediation. ECF No. 160. The IT search was never conducted.

Defendants' second attorney then moved to withdraw on August 16, 2024. ECF No. 161. The basis for the motion was Defendants' failure to pay legal fees and failure to communicate with counsel. The Court granted the motion to withdraw, and Defendants' third attorney, Michael Chong, was substituted as counsel. ECF No. 165.

Two months later, Defendants' third attorney moved to withdraw, once again citing a breakdown in communication with Defendants. ECF No. 178. In light of counsel's short term, the Court set a conference to discuss the motion to withdraw. Individual Defendant Moshe Gold was ordered to appear in-person and be prepared to testify regarding his business' operations and the availability of documents relating to the Plaintiff's class list. ECF No. 181. On November 4, 2024, the parties appeared. The Court explained to Individual Defendant Gold that the corporate entities would need counsel to proceed and directed him to locate new counsel. The Court warned that if Defendants failed to retain new counsel, the Court would recommend that Defendants' answer be stricken, and a default be entered. Id.; see also ECF No. 184.

Subsequently, these proceedings were stayed against Individual Defendant Gold because an involuntary Chapter 11 bankruptcy petition was filed against him. ECF No. 187. Nonetheless, the case would proceed against all other Defendants. Id. On December 5, 2024, the Court granted attorney Chong's motion and noted that new counsel had not appeared on behalf of any Defendants. ECF No. 188. Because an individual may appear *pro se* – unlike the corporate defendants – the Court directed Individual Defendant Josafath Arias to file a Notice of Pro Se Appearance by December 13, 2024, and directed attorney Chong to serve the Court's order upon

all Defendants. To date, a fourth counsel for Defendants has not appeared, and Individual Defendant Arias has not filed a Notice of Pro Se Appearance.

## DISCUSSION

Federal Rule of Civil Procedure 55(a) requires a court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. . . ." A corporate defendant may not appear *pro se* but must appear through counsel. See <u>Jones v. Niagara Frontier Transp. Auth.</u>, 722 F.2d 20, 22 (2d Cir. 1983).

I recommend that default be entered against the corporate Defendants and Individual Defendant Arias. The corporate Defendants cannot appear *pro se* and counsel has not entered an appearance on their behalf despite notice and opportunity. The corporate Defendants provide no indication that they intend to defend themselves in this action and, in fact, failed to comply with court orders and discovery obligations even when they were represented. Additionally, Individual Defendant Arias, after being advised to enter a Notice of Pro Se Appearance, has failed to do so. He also has not retained counsel. Individual Defendant Arias does not provide any indication to the Court that he intends to defend himself in this action.

## CONCLUSION

Because new counsel has not appeared on behalf of any Defendants and Individual Defendant Arias has not appeared *pro se* or with new counsel, the Court recommends that the answer for all Defendants, except Individual Defendant Gold, be stricken and that a default be entered pursuant to Federal Rule of Civil Procedure 55(a). The automatic bankruptcy stay of litigation remains as to Individual Defendant Gold.

Upon entering a default, the district court may refer the matter to me to conduct a damages inquest.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   December 17, 2024
         New York, New York

*          *          *

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a), 6(d). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2); see Fed. R. Civ. P. 6(a), 6(d). These objections shall be filed with the Court and served on any opposing parties. See Fed. R. Civ. P. 72(b)(2). Courtesy copies shall be delivered to the Honorable Ronnie Abrams if required by her Individual Rules and Practices. Any requests for an extension of time for filing objections must be addressed to Judge Abrams. See Fed. R. Civ. P. 6(b). The failure to file timely objections will waive those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. James, 712 F.3d 79, 105 (2d Cir. 2013).