# BORRELLI & ASSOCIATES
### P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 910 Franklin Avenue |
| Suite 1821 | Suite 200 |
| New York, NY 10017 | Garden City, NY 11530 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

March 4, 2025

*Via ECF*
The Honorable Sarah Netburn
United States Magistrate Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Martinez, et al. v. JLM Decorating, Inc., et al.*, Case No. 1:20-cv-02969-RA-SN

Dear Judge Netburn:

    As the Court is aware, in this conditionally certified collective and certified class action, this firm represents the named-Plaintiff, Israel Martinez, and the four opt-in Plaintiffs, Juan Carlos Sanchez Benites, Rafael Brito, Rodrigo Rojas, and Harold Pena. We write in response to the Court's March 4, 2025 Order (ECF 201), to provide the requested clarification concerning Plaintiffs' counsel's request made at the in-person conference held on February 27, 2025, for the Court to order that Defendant Gold pay $13,046.48 in attorneys' fees.

    More specifically, at the conference, Defendant Gold's counsel offered to produce the outstanding records and payroll information that Plaintiffs have long sought in connection with properly distributing notices to class members in order to avoid the Court's recommendation that his Answer be stricken and/or that Gold be required to post bond pursuant to Local Civil Rule 54.2. In response, the undersigned requested that if the Court were to allow Gold another chance to produce such records, that he at least be ordered to pay the $13,046.48 in attorneys' fees and costs that Plaintiffs previously requested when filing their proposed invoice on October 16, 2024 (ECF 180), at the Court's direction (ECF 174), in connection with the Court's original July 18, 2024 Order (ECF 158), directing Defendants "to pay all reasonable attorneys' fees incurred by Plaintiffs since April 2024 in connection with their efforts to secure a complete and accurate list of class members."

At the February 27, 2025 conference, the Court asked the undersigned for the docket number of the Court's order requiring Defendants to pay the specific monetary amount, and the undersigned responded, in sum and substance, that I did not believe a formal order was entered because the matter was lost in the proceedings that followed Defendants' prior counsel, Michael Chong, Esq., moving to withdraw. In response, the Court stated that it would review the docket. Indeed, in the Court's November 4, 2024 Order (ECF 184), the Court notes that it sanctioned Defendants and that Plaintiffs' attorneys' fees application was currently pending before the Court. In that same Order, the Court required Defendants to find substitute counsel within thirty days, and stated that if counsel appears, the Court will order Defendants to post bond, and if not, the Court will recommend that Defendants' answer be stricken and default be entered. Since that time, Gold's case was stayed due to an involuntary bankruptcy proceeding that has since been resolved, and Gold has now appeared with counsel, albeit for the limited purpose of the Court's show cause order. Consequently, at the February 27th conference, the undersigned followed up on the previously granted sanction, and requested that short of striking Gold's answer for his rampant non-compliance, the Court enter an order requiring Gold to pay the $13,046.48 in attorneys' fees as Plaintiffs requested in their invoice, and also produce the outstanding records and payroll information.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

_____
Andrew C. Weiss, Esq.
*For the Firm*

To: All Counsel *via* ECF

2