UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISRAEL MARTINEZ, on behalf of himself
and all others similarly situated,

                              **Plaintiff,**                        20-CV-2969 (RA)(SN)

          **-against-**                                       **ORDER**

**JLM DECORATING, INC., et al.,**

                              **Defendants.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        On February 27, 2025, Plaintiff's counsel, Defendant Moshe Gold, and counsel for Moshe Gold, Mr. Kook, appeared for an in-person conference to discuss the Court's Order to Show Cause. The Court previously ordered Defendants to pay all reasonable attorneys' fees incurred by Plaintiffs in connection with their efforts to secure a complete and accurate list of class members. ECF No. 158. Plaintiff was ordered to file a proposed invoice by October 17, 2024, and Defendants' response was due October 24, 2024. ECF No. 174. Before Plaintiff's counsel filed a proposed invoice, Defendants' prior counsel filed a notice of offer of judgment as to legal fees in the amount of $5,500. ECF No. 177. Plaintiff's counsel then filed a proposed invoice, totaling $13,046.48. ECF No. 180. Defendants did not file any opposition.

        The Court heard argument on this issue on November 4, 2024. Defendants' prior counsel argued that Plaintiff was seeking an "inflated number" and that it was unreasonable to charge his client for time billed by lawyers other than the primary lawyer. Tr. 15:22-16:2. The Court agreed to take the matter under advisement. Tr. 17:7-8.

**DISCUSSION**

First, the firm's hourly rates of between $350 to $400 for partners, and $250 for a senior associate, are reasonable and in line with hourly rates for actions in this District. See Proimmune Company, LLC v. Holista Colltech Ltd., No. 20-cv-1247 (KMK), 2024 WL 54281, *3 (S.D.N.Y. Jan. 4, 2024) (finding reasonable an hourly partner of $895 and hourly associate rate of $395); Top Jet Enterprises, Ltd. v. Kulowiec, No. 21-mc-789 (KHP), 2022 WL 1184245, *3 (S.D.N.Y. Apr. 21, 2022) ("With respect to associate and counsel rates, courts in this District have awarded hourly rates ranging from $300 to $750, depending on years of experience.").

Second, three attorneys billed 48.8 hours toward the effort to obtain a reliable class list. That includes 3.7 hours billed by partner Michael J. Borrelli, 3.5 hours billed by partner Alexander T. Coleman, and 42.6 hours billed by lead attorney and senior associate Andrew C. Weiss. See Decl. of Andrew C. Weiss, ECF No. 180-1 ¶ 7. Mr. Weiss reported that Mr. Borrelli "monitored the progress of Plaintiffs' case and advised on the strategy of this matter," and Mr. Coleman "reviewed all written submissions." Id. ¶ 6.

In assessing a fee award, the Court is obligated to consider what a "reasonable, paying client would be willing to pay . . . who wishes to pay the least amount necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). Plaintiff's invoice charges $2,705 for the partners' monitoring and reviewing of a capable senior associate's work. A reasonable, paying client would not pay such sum. Accordingly, such fees are not awarded as a sanction. However, the hours billed by senior associate Weiss are reasonable given the nature of the litigation; regular court appearances; and researching, drafting, and filing of motions and letters with the Court despite the failure of Defendants to meaningfully comply with Court orders. The attorney's fees should only be

inclusive of the 42.6 hours billed by Mr. Weiss. Accordingly, the proposed amount of $12,980.00 shall be deducted to $10,275.00.

Finally, the costs of $66.48, which include mailing of the Class Notice, travel for appearances, and online research are reasonable. See Malletier v. Artex Creative International Corp., 687 F. Supp. 2d 347, 365 (S.D.N.Y. 2010) (costs such as filing fees, shipping costs, transportation, and research fees are "typically awarded") (citations omitted).

## CONCLUSION

Accordingly, Defendant Gold is directed, no later than Friday, March 14, 2025, to pay Plaintiff's attorney's fees and costs in the amount of **$10,341.48**.

By Friday, March 21, 2025, or earlier, counsel for Plaintiff shall file a letter informing the Court whether Defendant Gold satisfied his obligations. The letter shall also indicate how Plaintiff intends to proceed in the litigation or whether the Court should recommend that District Judge Abrams strike Defendant Gold's answer and enter default.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:    March 7, 2025
          New York, New York