```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ISRAEL MARTINEZ, on behalf of himself
and all others similarly situated,

                         Plaintiff,              20-CV-2969 (RA)(SN)

        -against-                                ORDER APPROVING
                                                   CLASS NOTICE
JLM DECORATING, INC., et al.,

                         Defendants.
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/16/2025

**SARAH NETBURN, United States Magistrate Judge:**

On May 29, 2025, Plaintiff filed a proposed class notice, which includes employees of Defendants from April 10, 2014, to present. ECF No. 213. Defendant Moshe Gold filed a letter response to the proposed class notice. ECF No. 214. Through counsel, Mr. Gold states that "there is no legal basis for expanding the applicable the Class Period beyond the six-year Statute of Limitations, that started to be counted upon the filing of the Complaint in April of 2020, and then went backward from the date of filing for six [y]ears, to 2014." Id.[1] The Court does not interpret Defendant Gold's letter as a motion seeking reconsideration of the March 20, 2024 opinion certifying the Rule 23 Class. To the extent Defendant Gold seeks to decertify such class, he can file such a motion at the appropriate time.

Furthermore, Defendants' failure to comply with the Court's order to provide termination dates may also preclude any challenge to the class members' employment dates. ECF No. 212.

---

[1] Counsel cites to the Court's Opinion and Order conditionally certifying the FLSA collective action and approving a three-year period from the date of the complaint, ECF No. 39, and not the Court's Opinion and Order certifying the NYLL class action and approving a six-year period from the date of the complaint, ECF No. 147.

Finally, with respect to the proposed class notice, the following revisions shall be made (underlined solely to identify the relevant changes):

- Paragraph 3: "or <u>an accurate</u> wage statement. . . ."

- Paragraph 7: "If you decline to "opt-out," . . . you <u>may</u> be required to provide information . . . and <u>may</u> be required to answer. . . . It is <u>unlikely</u>, however, that you <u>will</u> be required to do so. In <u>any</u> case, Plaintiff's attorneys. . . ."

- Paragraph 11: "Their fees will be paid from the <u>settlement or judgment amount, if any</u>."

The proposed class notice shall be prepared in both English and Spanish. Plaintiff is authorized the distribute a revised notice, that reflects these changes, forthwith. Within 14 days after the close of the opt-out period, Plaintiff shall file a letter advising the Court of the responses, if any, to the notice and suggesting next steps in the litigation.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   June 16, 2025
         New York, New York