UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ISRAEL MARTINEZ, on behalf of himself
and all others similarly situated,

                              Plaintiff,

        -against-

JLM DECORATING INC., et al.,

                             Defendants.
-----------------------------------------------------------------X

20-CV-02969 (SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge.**

      Named Plaintiff and four opt-in Plaintiffs move to decertify the Rule 23 class following their acceptance of an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. The Court approves the parties' request to decertify the Rule 23 class.

## FACTUAL AND PROCEDURAL BACKGROUND

      The Court assumes the parties' familiarity with the factual and extensive procedural history of this litigation. See generally ECF No. 189. On March 20, 2024, the Court certified a class of "current and former non-managerial employees, who at any time from April 10, 2014, through the present, performed any manual work, including but not limited to, painting and renovation work, for Defendants, in New York, and who were paid on an hourly basis." ECF No. 147. Thereafter, the Court approved a Class Action Notice and ordered that it be distributed to the class members. ECF No. 149. But within a couple of months, Plaintiff became aware of evidence suggesting that the class list was incomplete and inadequate. ECF No. 153. In fact, the first Class Action Notice resulted in only 12 Notices not being returned, with the rest being returned as undeliverable; and several known class members were not on the original class list.

Accordingly, significant motion practice followed related to the Defendants' production of employment records and a class list. See generally ECF Nos. 151, 155, 158, 174, 181. Eventually, Defendants produced additional documents, and on June 16, 2025, the Court approved a second Class Action Notice and ordered that it be distributed to the newly identified class members. ECF No. 215. The next day, Plaintiff and the four opt-in Plaintiffs notified the Court that they had accepted a Rule 68 Offer of Judgment. ECF No. 216. All parties (other than Defendant Arias.[1]) request that the Court decertify the class action in light of the accepted offer of judgment by all known putative class members.

## DISCUSSION

### I. Rule 68 Offer of Judgment

Generally, court approval is not required where a Rule 68 offer of judgment resolves a Fair Labor Standards Act claim. Mei Xing Yu v. Hasaki Rest., Inc., 944 F.3d 395, 414 (2d Cir. 2019). However, Rule 23(e) governs the resolution of the New York Labor Law class action. Under Rule 23(e), "[t]he claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).

Here, the class action claims brought by the Plaintiff and four opt-in Plaintiffs are being resolved by the Rule 68 offer of judgment. The Rule 68 offer of judgment does not settle the class action and explicitly states that "Plaintiffs' acceptance of this Offer is in full and final satisfaction and resolution of all claims asserted against Defendants in this action arising out of their employment with Defendants." ECF No. 216-1, at 2. The Court is satisfied that "the class claims are not resolved or adjudicated by this Rule 68 judgment, so those class claims could, in

---

[1] The offer of judgment is made on behalf of Defendants JLM Decorating, Inc., JLM Decorating NYC Inc., Cosmopolitan Interior NY Corporation, and Moshe Gold. It does not include Defendant Josafath Arias, who has defaulted. ECF No. 208. The Court understands that Plaintiff intends to dismiss his claims against Arias rather than seek a final judgment.

fact, still be pursued by [p]laintiff's/class counsel." Francisco v. NY Tex Care, Inc., No. 19-cv-1649 (PKC)(ST), 2022 WL 1605662, at *3 (E.D.N.Y. May 12, 2022).

## II.     Decertification of the Rule 23 Class

To certify a class, a plaintiff must establish that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4). The Court previously found that these requirements were satisfied and certified the class under Rule 23(b)(3), which required the Court to also find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff and Defendants both assert that these factors are no longer satisfied because Plaintiff and the opt-in Plaintiffs are not adequate representatives, and the class action is no longer superior to adjudicate this dispute. "[A] district court may decertify a class if it appears that the requirements of Rule 23 are not in fact met." Sirota v. Solitron Devices, Inc., 673 F.2d 566, 572 (2d Cir. 1982); see also Monaco v. Stone, 187 F.R.D. 50, 59 (E.D.N.Y. 1999) ("A class may be decertified if later events demonstrate that the reasons for granting class certification no longer exist or never existed.").

Plaintiff and the opt-in Plaintiffs are no longer adequate representative parties. Generally, "[a] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted). Under Rule 23(a)(4), plaintiffs have an ongoing

3

burden of showing that the named plaintiffs will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prods. Inc., 521 U.S. at 625. It requires inquiring whether the "plaintiff's interests are antagonistic to the interest of other members of the class." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000). Courts have found inadequate representation when class members' interests are "potentially conflicting" with the interests of the representative parties. Hansberry v. Lee, 311 U.S. 32, 41-42 (1940).

The named and opt-in Plaintiffs' NYLL claims are now mooted by their acceptance of the Rule 68 offer of judgment. See Francisco, 2022 WL 1605662, at *2 (the class action is "rendered moot because the only class representative's claims are being resolved by the Rule 68 judgment"). As a result, those Plaintiffs no longer have a reason to "vigorously pursu[e] the class claims" or protect the interests of a Rule 23 class. Rivera v. Harvest Bakery, Inc., 312 F.R.D. 254, 274 (E.D.N.Y. 2016) (holding that where a Rule 68 offer is not accepted, named plaintiffs are not prevented from vigorously pursuing the class claims but alternatively, if the Rule 68 was accepted, it would render the named plaintiffs' claims moot). Thus, the Plaintiff and the four opt-in Plaintiffs are no longer adequate representatives.

The record in this case also demonstrates that the class action vehicle is no longer superior. Plaintiff's counsel has reported that only 12 class notices that were distributed in April 2024 were *not* returned as undeliverable. No one has opted into this case or even contacted class counsel. ECF No. 224. Although the corporate Defendants have issued the Rule 68 offer and are joining this decertification motion, they are otherwise in default due to their financial inability to continue with this litigation. Thus, there are very few, *if any*, absent class members who have

received notice of this class action, and there are no other known plaintiffs available to prosecute this case. Even if a plaintiff did appear, it is unlikely that the Defendants could satisfy a sizeable judgment on behalf of a class. Thus, a class action is no longer the "superior . . . method for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23.

Accordingly, the Rule 23 class is decertified because there no longer is adequacy of representation, and a class action is no longer a superior method. See Sirota, 673 F.2d at 572.

## CONCLUSION

The Rule 23 class is decertified. Plaintiffs are ordered to distribute the proposed notice at ECF No. 221-1 to the 12 class members who received the first Class Action Notice.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   July 29, 2025
         New York, New York